#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ELIZABETH ROHDE, individually and on behalf of a class of similarly situated individuals, | )<br>)<br>)<br>) |
| *Plaintiff*, | ) No. 1:19-cv-03347<br>) |
| v. | ) Hon.<br>) |
| ADP, LLC, a Delaware Limited Liability Company, | )<br>)<br>) |
| *Defendant*. | ) **JURY TRIAL DEMANDED**<br>)<br>) |

### CLASS ACTION COMPLAINT

Plaintiff Elizabeth Rohde ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendant ADP, LLC ("ADP") to stop Defendant's practice of transmitting unauthorized text messages to consumer's cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, based on the investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. In conducting its human resources management software and services business, ADP, an online payroll company, has violated federal law by sending unauthorized text message calls to the cellular telephones of individuals throughout the nation.

2. By effectuating these unauthorized text message calls Defendant has violated individuals' statutory and privacy rights and has caused individuals actual harm, not only because

1

individuals were subjected to the aggravation and invasion of privacy that necessarily accompanies such unauthorized text messages, but also because individuals frequently have to pay their cell phone service providers for their receipt.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class and subclass, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of individuals to be free from receiving unsolicited voice and text calls to cellular phones.

4. On behalf of the class and subclass, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant conducts business in this District; Defendant is registered in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized text messages at issue herein originated from short-codes utilized by Defendant in this District.

## THE PARTIES

7. Plaintiff is domiciled in Illinois.

8. Defendant ADP, headquartered in Roseland, New Jersey, is a Delaware limited liability company and is a nationwide provider of payroll services.

## COMMON ALLEGATIONS OF FACT

9. ADP is an online payroll company that provides services to hundreds of thousands

of businesses nationwide.

10. As an ordinary business practice, Defendant collects telephone numbers from its users which it then uses as part of a mass automated text message campaign that Defendant implemented in an effort to streamline its payroll and financial services.

11. However, as part of its automated text message campaign Defendant has failed to implement procedures necessary to verify whether Defendant has maintained consent to send its automated text messages.

12. As a result, Defendant routinely sends unsolicited text messages to individuals for whom Defendant no longer or never had consent to contact.

13. In addition to being an aggravating invasion of privacy, unsolicited text message calls invade cell phone users' privacy and can actually cost their recipients money because cell phone users like Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

14. Beginning at least as early as April 2019, and continuing thereafter, Defendant and its agents caused the transmission of unauthorized automated text messages to individuals it hoped were users of its payroll services.

15. However, many of the cellular telephones to which Defendant sent such text messages belonged to individuals who never provided consent to Defendant to receive such text messages, or for whom Defendant had failed to maintain valid consent.

16. In addition, Defendant has failed to implement procedures necessary to prevent further unauthorized text messages from being sent after an individual requests to no longer receive text messages from Defendant.

17. For instance, on April 29, 2019, Plaintiff's cell phone rang, indicating a text call was being received. The "from" field of the transmission was identified as "285-47," which is a specialized "short-code" telephone number utilized by Defendant and its agents for the transmission of text messages *en masse*. The body of the text message read:

> "Greetings! Your current Wisely Pay
> by ADP card ending in 8721 has a
> balance of $0.00."

18. Thereafter Plaintiff received two more text messages, identical to the one shown above, once on May 1, 2019, and then again May 2, 2019.

19. Not knowing why she was receiving these unwanted text messages, On May 14, 2019, Plaintiff responded to Defendant's unwanted text message with a text message that stated:

> "Why am I getting these"

20. However, since Defendant's text messaging system was entirely automated and there was no reason for why Plaintiff was receiving the text messages at issue, Plaintiff simply received the following automated response:

> "GCC Acct Info: Invalid Account. To subscribe you must enroll
> www.globalcashcard.com/mobile"

21. Not wanting to receive any further text messages, and having received no explanation for why she received the text messages to begin with, Plaintiff responded with a text message stating:

> "Stop"

22. Further showing the automated nature of Defendant's system, even Plaintiff's simple "Stop" request was not recognized and she received yet another automated message that read:

4

"GCC Acct Info: Invalid Account. To subscribe you must enroll www.globalcashcard.com/mobile"

23. Plaintiff had not consented to receive the above text messages, and specifically requested for the text messages to cease before receiving the text message featured above.

24. The unauthorized text messages received by Plaintiff were automatically generated and transmitted, and were sent by Defendant through the use of a dedicated short-code to lists of telephone numbers.

25. In addition to being a nuisance and an invasion of privacy, Defendant's unauthorized automated text messages consistently interfered with Plaintiff's, and the Class and Subclass members' use of their cellular telephones.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of herself, and a Class and Subclass of similarly situated individuals defined as:

The Class: All persons in the United States and its Territories who, within the past four years, received one or more text messages from ADP on their cellular telephone and for whom ADP did not have a current record of consent to receive such messages.

The Subclass: All persons in the United States and its Territories who, within the past four years, received one or more text messages from ADP on their cellular telephone after communicating to ADP that it did not have consent to send any further text messages to that telephone number.

27. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and

have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class and Subclass.

28. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

29. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

30. The factual and legal bases of Defendant's liability to Plaintiff and to the members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

31. Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

32. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a) Whether Defendant sent one or more automated text messages to members of the

6

Class for whom it did not have a current record of consent;

(b) Whether Defendant systematically continued to transmit automated text messages to individuals who communicated to Defendant that they did not consent to receive such text messages from Defendant;

(c) Whether Defendant used an automatic telephone dialing system to transmit the text messages at issue;

(d) Whether Defendant's conduct violated the Plaintiff's and the Class and Subclass members' respective rights to privacy;

(e) Whether Defendant's conduct was willfully in violation of the TCPA such that the members of the Class and Subclass are entitled to treble damages;

(f) Whether Defendant should be enjoined from engaging in such conduct in the future.

## COUNT I

**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)
on behalf of the Class and Subclass**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. Defendant made unauthorized text message calls using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class for whom it did not have current records of consent.

35. Defendant made unauthorized text message calls using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Subclass after Plaintiff and the other members of the Subclass had requested not to receive any further text messages.

36. These text messages calls were automatically generated and sent *en masse* using a

dedicated short-code to lists of telephone numbers using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

37. Defendant has therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendant's illegal conduct, the members of the Class and Subclass have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

39. To the extent the Court determines the Defendant's conduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class and Subclass.

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class and Subclass, prays for the following relief:

    A. An Order certifying the Class and Subclass as defined above;

    B. An award of actual and statutory damages;

    C. An injunction requiring Defendant to cease all unauthorized automated telephone activities;

    D. An award of reasonable attorneys' fees and costs; and

    E. Such other and further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 17, 2019

ELIZABETH ROHDE, individually and on behalf of a class and subclass of similarly situated individuals

By: /s/ Eugene Y. Turin
    One of Plaintiff's Attorneys

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the putative Class and Subclass*