IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH ROHDE, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| *Plaintiff*, | ) ) Case No. 1:19-cv-03347 |
| vs. | ) ) Hon. Sara L. Ellis ) |
| ADP, LLC, a Delaware limited liability company, | ) ) ) ) |
| *Defendant*. | ) ) |

**JOINT STATUS REPORT**

Plaintiff Elizabeth Rohde and Defendant ADP, Inc., formerly known as ADP, LLC (collectively, "the Parties"), pursuant to the Court's Order dated July 21, 2020 (Dkt. 38), and the Parties' Joint Motion for Extension of Time to File Status Report (Dkt. 41), hereby respectfully submit the following status report on discovery and settlement.

1. **Status of Discovery**. The Parties have been working cooperatively to conduct fact discovery with respect to Plaintiff's individual claims and ADP's defenses to those claims, including exchanging written discovery requests and responses to those requests. The Parties are in the process of producing documents and information in response to those requests. The Parties also have discussed the next steps, which likely will involve, among other things, conducting depositions of the Plaintiff and of a corporate representative of the Defendant.

2. **Agreement to Seek Short Stay of Discovery Pending the Supreme Court's Resolution of *Facebook Inc. v. Duguid***. The Parties also have discussed the desirability of seeking a short stay of discovery pending the United States Supreme Court's resolution of *Facebook Inc.*

*v. Duguid*, No. 19-511. As this Court may already be aware, in *Duguid*, the Supreme Court is expected to address the definition of "automatic telephone dialing system" ("ATDS") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). *Duguid* is set for argument before the Supreme Court on December 8, 2020.

3. In this case, the Parties are disputing, among other things, whether the equipment used by Defendant to send the text messages at issue to Plaintiff constituted an ATDS under the TCPA. The Parties have conferred, and believe that, given the prospect that the Supreme Court's ruling in *Duguid* may impact the Parties' respective factual and legal arguments relating to, and this Court's resolution of, the ATDS issue here, it would be sensible to stay fact discovery pending the Supreme Court's decision in *Duguid*. The Parties therefore respectfully request that the Court enter such a stay, and direct the Parties to file another status report within 10 days of the issuance of a decision in *Duguid*.

4. **Status of Settlement Discussions**. The Parties have not yet engaged in any settlement discussions. The Parties do not request a settlement conference at this time but reserve the right to do so at a later date.

| | |
|---|---|
| Dated: November 24, 2020 | Respectfully submitted, |
| ELIZABETH ROHDE, | ADP, INC., f/k/a ADP, LLC |
| By: /s/ *Eugene Y. Turin*<br>One of her attorneys | By: */s/ David C. Layden*<br>One of its attorneys |
| Eugene Y. Turin<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>(312) 893-7002<br>eturin@mcgpc.com | David C. Layden<br>Emma J. O'Connor<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>DLayden@jenner.com<br>EOConnor@jenner.com |

**<u>CERTIFICATE OF SERVICE</u>**

      I certify that on November 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

<i><u>/s/ David C. Layden</u></i>